UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.A.,<br><br>                    Petitioner,<br><br>        v.<br><br>CHRIS HENN,<br><br>                    Respondent. | No.  1:25-cv-00209-KES-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>Doc. 14 |

Petitioner R.A. is a juvenile who was declared a ward of the court and is under the supervision of state probation authorities.  He is proceeding with counsel on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 20, 2025, the assigned magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be denied.  Doc. 14.  Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  In addition, the parties were "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." *Id.* (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

After receiving multiple extensions, petitioner filed objections on March 6, 2026.

1

Doc. 24. Petitioner objects to the magistrate judge's findings that petitioner failed to carry his burden under *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), to establish that the "trial court's systematic exclusion of defense exculpatory evidence and denial of cross-examination of prosecution witnesses" "had substantial and injurious effect or influence" on the verdict. Docs. 1 at 20; 14 at 17. Petitioner argues the magistrate judge's reasoning "that any constitutional error would have been harmless" because "defense counsel elicited 'pertinent testimony' regarding prior denials and the existence of an investigation" and the juvenile court confirmed "that it did not consider the opinions or actions of [the] social workers significant . . . does not satisfy the prejudice inquiry required under *Brecht*." Doc. 24 at 1–2.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis.

First, petitioner asserts that the magistrate judge's "conclusion that [petitioner's] counsel was able to elicit 'pertinent testimony' does not address the qualitative difference between generalized acknowledgement that an investigation occurred and the excluded substance of investigative context and prior inconsistent statements." Doc. 24 at 2. As the magistrate judge acknowledged, Evidence Code section 1040 and Welfare and Institutions Code section 827 may have encumbered petitioner's counsel from eliciting testimony in the precise manner and to the full extent counsel may have wished, but the Court is not convinced that the restrictions meaningfully limited petitioner's ability to expose weaknesses in the credibility of the government's witnesses. *See* Doc. 14 at 16. As the magistrate judge found, petitioner's counsel was able to work around the restrictions to elicit pertinent testimony on the disputed points at trial. The record does not give the Court "grave doubt" about whether the restrictions had a "substantial and injurious effect or influence" on the verdict. *See id.* at 15–16; *Brecht*, 507 U.S. at 623.

Second, petitioner argues the magistrate judge's "reli[ance] on the juvenile court's assessment that it did not find the opinions or actions of [the] social workers significant in light of [the victim's] testimony . . . does not resolve prejudice under *Brecht*." Doc. 24 at 3. Relative to

2

other evidence in the case, the trial court gave less weight to the testimony of the social workers. Given the entirety of the evidence before the juvenile court, the Court is unpersuaded that the limitations on petitioner's witness questioning influenced the trial judge's credibility determination to the extent of establishing a substantial and injurious effect or influence on the verdict.

Third, petitioner objects generally to the magistrate judge "not articulat[ing] how the excluded material compared to the testimonial evidence . . . [and] not evaluat[ing] the cumulative effect of multiple sustained objections" under section 827 and 1040. *Id.* at 4. But the findings and recommendations considered the asserted errors in the context of the entire case and appropriately concluded that any error in the exclusion of evidence was harmless.

Having found that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Therefore, the Court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on October 20, 2025, Doc. 14, are adopted in full;

3

2.  The petition for writ of habeas corpus, Doc. 1, is denied;

3.  The Clerk of Court is directed to close the case; and

4.  The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:     June 16, 2026

_____
UNITED STATES DISTRICT JUDGE

4